UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23860-CV-WILLIAMS
MAGISTRATE JUDGE REID

MARK WILLIAMS

     Plaintiff,

v.

MS. "COLONEL" GREEN, *et al.,*

     Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983
**[ECF No. 1]**

### I. Introduction

Plaintiff, **Mark Williams,** a convicted felon, while confined at Union Correctional Institution, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment claim arising from the failure to keep safe from harm from June to July 2020 while confined at Dade Correctional Institution ("Dade CI"). [ECF No. 1]. He sues the following Defendants: Colonel Ms. Green ("Col. Green"); Lieutenant Mr. Lane ("Lt. Lane"); Sergeant Mr. Johnson ("Sgt. Johnson"); Sergeant Mr. Heath ("Sgt. Heath"); and, Correctional Officer Mr. Rosairo ("C/O Rosairo"), all employees of Dade CI. [*Id.* at 1-2].

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018)(per curiam).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway*, 871

F.3d 1283, 1289 (11th Cir. 2017)(per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may also not construct a litigant's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never

squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, however, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Discussion

### A. Eighth Amendment Claim

1. <u>Factual Allegations</u>

Plaintiff alleges that on June 5, 2020, C/O Rosairo was shown a medical pass which put him on notice that Plaintiff could not be housed upstairs because Plaintiff suffers from epilepsy and seizures which are triggered by or otherwise exacerbated by heights. [ECF No. 1 at 3]. Plaintiff claims he also showed the medical pass to Sgt. Heath, who responded that Sgt. Johnson controls Plaintiff's housing assignment. [*Id.*]. Plaintiff claims Sgt. Heath transferred him to an upstairs unit, despite the pass, and further informed Plaintiff he would have to wait three days because he was going "off duty" before he could follow-up with the information. [*Id.*]. Plaintiff states that as a result of the failure to act by C/O Rosairo and Sgt. Health, he suffered a seizure on June 8, 2020, resulting in a concussion and knee injury. [*Id.* at 4].

On June 10, 2020, as he was being transported from his upstairs cell to medical, while on the stairs, he had another seizure, falling down the stairs with the

accompanying corrections officer, scarring his left eye, injuring his knee, back, and left shin. [*Id.* at 3].

Approximately two weeks later, Plaintiff faults Col. Green for failing to move him causing him to suffer another seizure while at "Rec" because it was "real hot." [*Id.*]. As a result, he was accompanied by two officers to the emergency room, where he remained for two days. [*Id.*].

On his return to Dade CI, Movant was finally transferred to a lower level cell for approximately three weeks, but then removed from that cell because it was needed for someone with mobility issues. [*Id.* at 4-5].

On July 14, 2020, Plaintiff alleges he was again removed to an upstairs cell. [*Id.* at 4-5]. Plaintiff alleges he advised Lt. Lane he could not be in an upstairs cell and again reminded Col. Green of this fact when she handed him cleaning supplies. [*Id.* at 5]. Plaintiff states he was not moved to a lower bunk level until July 23, 2020. [*Id.*].

He alleges that all named Defendants knew he had a medical pass requiring that he be housed in a lower, downstairs bunk, but that they ignored this requirement, continually moving him upstairs, which triggered his seizures. [*Id.*]. Plaintiff states that it was only after he suffered serious injuries that he was temporarily transferred to a lower level bunk. [*Id.*].

He seeks compensatory and punitive damages from the named Defendants. [*Id.* at 3, 6].

1. <u>Applicable Law</u>

The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." *Estate of Owens v. GEO Group, Inc.,* 660 F. App'x 763, 766–68 (11th Cir. 2016)(per curiam)(quoting *Farmer,* 511 U.S. at 833 (citation omitted)). In order to prove the prison official acted with deliberate indifference, Plaintiff must allege the following three elements: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *See Scott,* 657 F. App'x at 881 (quoting *Hale v. Tallapoosa Cty.,* 60 F.3d 1579, 1582 (11th Cir. 1995)); *Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015).

The determination of a substantial risk of serious harm is measured against an objective standard. *Estate of Owens,* 660 F. App'x at 767 (quoting *Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015)). The alleged condition must be "so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Estate of Owens,* 660 F. App'x at 767 (quoting *Richardson v. Johnson,* 598 F.3d 734, 737 (11th Cir. 2010)). In that regard, "there must be a 'strong likelihood' of injury, 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference." *Estate of Owens,* 660 F. App'x at 767 (quoting

*Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir. 1990) (quotations omitted)). The risk of harm has to be actual, it cannot be potential or speculative. *Estate of Owens,* 660 F. App'x at 767 (quoting *Carter v. Galloway,* 352 F.3d at 1349–50). Mere exposure to harm is insufficient, because "in the jail setting, a risk of harm to some degree always exists" by the very nature of it being a jail. *See Estate of Owens,* 660 F. App'x at 767 (quoting *Purcell v. Toombs Cty.*, 400 F.3d 1313, 1323 (11th Cir. 2005)).

In a conditions of confinement claim, deliberate indifference does not require acts or omissions to have been committed for the purpose of causing harm or with knowledge that harm will result. *Farmer,* 511 U.S. at 835-36. It is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. Prison officials, who actually knew of a substantial risk to an inmate's health or safety, may escape liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer,* 511 U.S. at 844; 847 (explaining that an official may be liable under the Eighth Amendment if he or she fails to "take reasonable measures to abate" a substantial risk of serious harm). Plaintiff must allege the "official's acts or omissions were the cause 'not merely a contributing factor' of the constitutionally infirm condition." *LaMarca,* 995 F.2d at 1538, 1539 (explaining that causation may be found where an official was in

a position to have taken steps that could have averted an unconstitutional condition, but failed to do so).

3. <u>Analysis</u>

Given the facts alleged, Plaintiff has stated a minimum unlawful conditions of confinement arising from the failure of the named Defendants to take reasonable steps to ensure Plaintiff's safety by assigning him to a downstairs, lower level bunk, knowing he required suffered from seizures which were triggered by heights, having been shown and/or told about the medical pass. Therefore, the Eighth Amendment claim should PROCEED against the named Defendants in their individual capacity.

**B. Supervisory Liability**

Plaintiff also sues the named Defendants in their official capacity. [ECF No. 1 at 3].

1. <u>Applicable Law</u>

It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *Barr v. Gee,* 437 F. App'x 865, 875 (11th Cir. 2011) (quoting *West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor can only be held liable under § 1983 if he personally participated in the "allegedly unconstitutional conduct or if there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *West v. Tillman,* 496 F.3d at 1328

(quoting *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003)(quotations omitted)).

To state supervisory liability claim, the plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights, (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. *See West,* 496 F.3d at 1328–29 (listing factors in context of summary judgment).

However, a supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp,* 891 F.2d 829, 836–37 (11th Cir. 1990).

2. Analysis

Plaintiff fails to state a claim of supervisory liability against any of the named Defendants arising from his Eighth Amendment claim. He has not stated sufficient facts that any one of the named Defendants were in a supervisory capacity, or that would suggest the existence of a custom, policy, or practice that resulted in the violation of Plaintiff's constitutional rights. Finally, there is no allegation of a history of widespread abuse that would put the named Defendants on notice of any alleged

constitutional deprivations at Dade CI. Therefore, to the extent he intends to sue the named Defendants in their supervisory capacity, the claims should be dismissed because it fails to state a claim upon which relief can be granted.

### C. Punitive Damages Claim

Plaintiff seeks punitive damages. [ECF 1 at 3, 6]. Punitive damages may be awarded under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith,* 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley,* 62 U.S. 202, 214 (1858)). At this early juncture, since it cannot be determined whether punitive damages should be awarded against the named Defendants arising from the facts alleged, the punitive damage claim should proceed as to these named defendants.

## IV. Recommendations

Based upon the foregoing, it is recommended that:

1.  the Eighth Amendment failure to keep safe from harm
    claim PROCEED against Defendants, Col. Green,
    Lt. Lane, Sgt. Johnson, Sgt. Heath, and C/O Rosairo;

2.  the supervisory liability claim against the named
    Defendants be DISMISSED for failure to state a claim
    upon which relief can be granted; and,

3.  the punitive damages claim proceed against the named
    Defendants.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 25th day of September, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   Mark Williams, *Pro Se*
       DC#H05914
       Union Correctional Institution
       Inmate Mail/Parcels
       7819 N.W. 228th Street
       Raiford, FL  32026